UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID EVERSON and PATRICIA EVERSON,

    Plaintiffs,

v.                                                      Case No. 12-C-0857

CITY OF WEYAUWEGA, et al,

    Defendants.

**ORDER DENYING MOTION TO COMPEL**

Plaintiffs David and Patricia Everson have filed a Motion to Compel production of certain documents. (Dkt. 34.) In the alternative, Plaintiffs request an *in camera* review to determine if the documents are properly withheld as privileged. Plaintiffs' motion to compel seeks production of documents responsive to their Amended Second Set and Third Set of Requests for Production. Specifically, Plaintiffs seek production of historical city ordinances and copies of minutes of closed sessions of the Weyauwega City Council. For the reasons stated below, the motion will be denied.

The first set of documents in Plaintiffs' motion are "all documents concerning and relating to" historical city ordinances dating back to 2001 that Defendants indicated they "may" use in their defense. (Dkt. 35.) Defendants objected to production on the grounds that the request was overly broad and unduly burdensome because the historical ordinances are too voluminous to be produced conveniently. (Dkt. 35-2.) In their motion to compel, Plaintiffs contend that Defendants' objections were "boilerplate and generic in character" and fail to provide sufficient legal and factual explanation for the objection. (Dkt. 35.) Defendants contend, in response, that they have already

provided the historical city ordinances on which they intend to rely at trial in their Rule 26 disclosures. (Dkt. 52.) Defendants have also offered to make the City's ordinances dating back to 2001 available for inspection and copying. Plaintiffs appear to believe that this commitment by Defendants is insufficient, and "Defendants should be compelled to disclose the historical ordinances they 'may' use by the Ordinance name and number or amend their Rule 26(a)(1) Disclosures accordingly." (Dkt. 60.)

Disclose, for purposes of Rule 34 of the Federal Rules of Civil Procedure, means "to produce and permit the requesting party or its representative to inspect [or] copy . . . any designated document. Defendants have provided Plaintiffs copies of ordinances upon which they intend to rely and made available all ordinances. No more is required. Indeed, ordinances are considered legal materials. Defendants are generally not required to provide plaintiffs copies of laws on which they intend to rely. Each party is expected to conduct their own legal research.

The second set of documents in Plaintiffs' motion to compel are "unredacted copies" of minutes from closed session meetings of the Weyauwega City Counsel from August 2011 to August 22, 2012 "concerning David and Patricia Everson." (Dkt. 35.) Defendants objected to production of these minutes, claiming privilege under Wis. Stat. § 19.85 and the attorney/client privilege. Plaintiffs argue that there is no evidentiary privilege under Wis. Stat. § 19.85 and that attorney/client privilege was either not applicable or was somehow waived or destroyed by an alleged conflict of interest.

Section 19.85 does not create an evidentiary privilege for closed session meetings. *Sands v. Whitnall Sch. Dist.*, 2008 WI 89, ¶ 59, 312 Wis. 2d 1, 754 N.W.2d 439 (2008). Where a governmental body goes into closed session to consult with counsel about legal matters, minutes

2

recounting the communication are privileged from disclosure under the attorney/client privilege. *See, e.g.*, Wis. Stat. 905.03. Although Plaintiffs argue that the privilege may have been waived, there is no need to address the issue since no minutes of the closed sessions were kept. (Dkt. 52.) Defendants have represented to the Court that "the only minutes prepared relating to closed session meetings at which the Eversons' property, or the Eversons in general, were discussed appear on page 1000 and page 1018" provided by Defendants during discovery. (Dkt. 52-1.) Contrary to Plaintiffs' contention, the declaration by Patrick Wertzel, who as the current clerk for the City of Weyauwega has access to all meeting minutes of the Weyauwega City Council and the Public Works Committee, is sufficient to establish that the documents already provided to Plaintiffs are the only minutes responsive to Plaintiffs' request. The Wisconsin statutes and cases cited by Plaintiffs are not on point. While Plaintiffs may be correct that the City of Weyauwega's failure to keep accurate minutes is a violation of some Wisconsin state law, it is not relevant to this motion. One cannot compel production of a document or documents that do not exist. Because there were no minutes kept of the closed sessions at which the city council discussed the Plaintiffs' claim with counsel, there is nothing to produce and it is not necessary to address the parties' arguments related to the attorney/client privilege.

    For these reasons, Plaintiffs' motion to compel is denied.

    **SO ORDERED** this     3rd     day of October, 2013.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court