# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID EVERSON and PATRICIA EVERSON,

    Plaintiffs,

v.                                       Case No. 12-C-0857

CITY OF WEYAUWEGA, et al,

    Defendants.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

On November 20, 2013, the Court issued an order denying Plaintiffs' motions for partial summary judgment, granting Defendants' motion for summary judgment in part, dismissing all federal claims with prejudice, and dismissing any remaining state claims without prejudice. This matter is now before me on Plaintiffs' motion for reconsideration. (ECF No. 85.) The facts of the case are set forth in the Court's decision granting Defendants' motion for summary judgment and will not be repeated here. For the reasons that follow, Plaintiffs' motion will be denied.

A Rule 59(e) motion may be granted where a party demonstrates the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary

appellate procedures. *Divane v. Krull Elec.Co.*, 194 F.3d 845, 848 (7th Cir. 1999). But the motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995). Nor should such a motion be used to present evidence that was available earlier or attempt to correct a party's own procedural errors. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him."). As a result, Rule 59(e) motions should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiffs have not presented newly discovered evidence or an intervening change in the law. Instead, Plaintiffs move for reconsideration based on manifest errors of law. First, Plaintiffs contend that the Court erred in failing to find that futility exempts them from the exhaustion requirement. (Pl. Memo. in Supp. of Mot. for Recons. 3–4, ECF No. 86.) Second, Plaintiffs argue that the Court applied an impermissible "heightened pleading standard" to Plaintiffs' § 1983 claims and failed to cite to a specific Supreme Court case. (*Id.* at 4–7.) Third, Plaintiffs find error in the Court's analysis of their equal protection claim because it failed to recognize "controlling law" from various Wisconsin state courts, overlooked evidence of Defendants' inappropriate motivation and animus, and again applied a "heightened pleading standard." (*Id.* at 7–11.) Fourth, Plaintiffs contend that the Court should reconsider its decision to decline to rule on Plaintiffs' state law claims and grant summary judgment in their favor on those claims as there are no material issues of fact. (*Id.* at 11–23.) Fifth, Plaintiffs argue that the Court should not have granted summary judgment for Defendants because Defendants "did not meet their burden" and "did not move the Court for

2

summary judgment on the merits of this case." (*Id.* at 23–26.)  Finally, Plaintiffs renew their argument that Defendants' counsel failed to exercise full candor with the Court.  Although these arguments are without merit and could be summarily denied, I will address each in turn to avoid unnecessary appellate litigation.

**1. Takings, *Williamson*, and Adequate State Remedies**

Plaintiffs first argument is that the Court failed to recognize that they were exempted from exhausting the state remedy under Wis. Stat. § 32.10 because it would be futile.  (Pl. Memo. in Supp. of Mot. to Recons. 3–4, ECF No. 86.)  Their argument relies exclusively on *Zinn v. State*, 112 Wis. 2d 417, 334 N.W.2d 67 (1983).  Plaintiffs cite to this case for two propositions: (1) a property owner alleging an unconstitutional taking need not pursue the "remedy provided by Wis. Stat. § 32.10 . . . to enforce the right to just compensation because the property owner has stated a claim based directly on Article I, Section 13 of the Wisconsin Constitution" (Pl. Memo. in Supp. of Mot. to Recons. 3, ECF No. 86); and (2) Wis. Stat. § 32.10 provides a remedy only for "permanent occupation under eminent domain" and not a "temporary governmental occupation of private property."  (Pl. Reply 7, ECF No. 96.)  Defendants argue that *Zinn* is inapplicable because it does not involve a federal takings claim, establish a futility exemption, or demonstrate the futility of Plaintiffs' claim under § 32.10.  (Def. Memo. in Opp'n 3–4, ECF No. 95.)

As an initial matter, Defendants are correct that *Zinn* did not involve a takings claim under the federal constitution.  To the extent Plaintiffs argued that the *Zinn*'s holding that a property owner need not pursue an action under § 32.10 before making a claim under the Wisconsin Constitution directly controls the result in this case, the argument is misplaced and rejected.

3

Similarly, *Zinn* does not create a futility exception to the *Williamson* exhaustion requirement because it never considers any federal takings claim.

But that does not mean that there are no exceptions to the exhaustion requirement. In fact, *Williamson* itself recognized it, though it is not articulated as an "exception" for "futility." Rather, the Supreme Court held that "if a State provides an *adequate* procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195 (emphasis added). Thus, if Plaintiffs are correct that *Zinn* precludes their claim under § 32.10 and there are no other adequate procedures under state law, then Plaintiffs' federal takings claim under the Fifth Amendment would be ripe.

However, the facts from *Zinn* are distinguishable from this case. In *Zinn*, the taking of approximately 200 acres from the property owner started on July 22, 1977, based on a state agency ruling. 112 Wis. 2d at 421. After a rehearing, the agency issued an order "rescinding and withdrawing" the previous ruling and restoring the land to the property owner on July 22, 1977. *Id.* Then, on November 20, 1980, the property owner commenced an action for an unconstitutional taking in violation of Article I, Section 13 of the Wisconsin Constitution. *Id.* at 421–22. Thus, *Zinn* concerned a temporary regulatory taking because the taking had actually ended more than a year before the property owner filed any action. *Id.* When the court stated that § 32.10 "did not apply to the type of taking alleged here," it arrived at that conclusion because "the plaintiff does not want to 'sell' the land to the State. The landowner simply wants just compensation for the period in which the state took the property which has been returned." *Id.* at 433–34. In the instant case, Plaintiffs are still barred from using their property as a residence because Defendants refuse to pay

4

for the installation of the water lateral and refuse to grant an occupancy permit. That is, the taking (assuming there is one) based on Defendants' application of their regulations is ongoing. Plaintiffs filed suit in order to be compensated for this taking. Because of this significant factual difference, *Zinn* does not control, § 32.10 is an adequate remedy, Plaintiffs have not availed themselves of this remedy, and their unconstitutional taking claim under the Fifth Amendment is not ripe.

Plaintiffs' motion also appears to argue, again relying on *Zinn*, that § 32.10 applies only to physical occupations by the government. This interpretation is incorrect. The Wisconsin Supreme Court has recognized that § 32.10 is a remedy for regulatory takings, not just physical occupations. *E-L Enterprises, Inc. v. Milwaukee Metro. Sewage Dist.*, 2010 WI 58, ¶ 37, 326 Wis. 2d, 785 N.W.2d 409 ("[U]nder this court's jurisprudence, in order to state a claim of inverse condemnation under § 32.10, the facts alleged must show either that there was an actual physical occupation by the condemning authority *or that a government-imposed restriction deprived the owner of all, or substantially all, of the beneficial use of his property*." (emphasis added)). It is not the law, as Plaintiffs argue, that the inverse condemnation statute only applies to "permanent occupation under eminent domain." (Pl. Reply 7, ECF No. 87.) It applies to regulatory takings. Plaintiffs allege that the government-imposed restriction—the refusal to pay for the installation of the water lateral to the property and the refusal to grant an occupancy permit without running water on the property by the City of Weyauwega—has deprived them and continues to deprive them of substantially all beneficial use of their property. Consequently, the inverse condemnation statute is an adequate remedy that Plaintiffs have failed to exhaust.

Moreover, even if § 32.10 is not an adequate remedy because this presently ongoing taking will become a temporary one, "Wisconsin has a procedure for remedying temporary regulatory

5

taking claims"—Article I, Section 13 of the Wisconsin Constitution. *Eberle v. Dane Cnty. Bd. of Adjustment*, 227 Wis. 2d 609, 595 N.W.2d 730 (1999). "As we have already explained, Plaintiffs seeking just compensation for a temporary regulatory taking may seek just compensation directly under Article I, § 13 of the Wisconsin Constitution, consistent with our holding in *Zinn*." *Id.* Based on the opinions of the Wisconsin Supreme Court interpreting Wisconsin constitutional and statutory law, Plaintiffs have at least two adequate state remedies that must be exhausted.

Finally, the *Williamson* "exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961 (7th Cir. 2004) (citing *Hager v. City of West Peoria*, 84 F.3d 865, 869 (7th Cir. 1996)). Plaintiffs have not challenged the Court's conclusion on this point. As a result, until Plaintiffs have exhausted the those remedies, whether it is § 32.10 or Article I, Section 13, their federal taking claim and due process claims are not ripe for review.

**2. 42 U.S.C. § 1983 and State Law**

Plaintiffs next argue that the Court applied an impermissible "heightened pleading standard" to Plaintiffs' § 1983 claims and failed to cite to a specific Supreme Court case. (Pl. Memo. in Supp. of Mot. for Recons. 4–7, ECF No. 86.) These arguments are without merit and are rejected.

The court did not apply a "heightened pleading standard"; it applied no pleading standard. The case was decided on summary judgment, not a motion to dismiss. Plaintiffs' argument is misplaced and inapposite. They simply assert that their "pleadings satisfied Fed. R. Civ. 8(a) pleading standard and the Court committed a manifest error of law by dismissing Plaintiffs' § 1983 state law claims and constitutional claims" without any explanation of how the Court committed

6

this error. (Pl. Memo. in Supp. of Mot. for Recons. 5, ECF No. 86.) That alone would be grounds to disregard it.

In any event, Plaintiffs misunderstand the Court's summary judgment order. (ECF No. 81.) The Court did not dismiss Plaintiffs' § 1983 claims based on state and municipal law and the federal constitution for the same reason. (*Id.* at 9–11.) The Court dismissed the § 1983 claims based on state and municipal law because the rights guaranteed or created by those laws are not subject to protection under § 1983. (*Id.* at 10 ("Because § 1983 only provides a remedy for deprivations of constitutional rights and certain rights created by federal law, Plaintiffs federal civil claims based on state and municipal law—Counts VI, VII, VIII, IX, XI, and XII—are dismissed.").) This is not a heightened pleading standard but an application of well-established law about the rights protected by § 1983, *see Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997), to the undisputed facts on motions for summary judgment under Rule 56. The Court dismissed Plaintiffs' claims based on the federal constitution for unrelated reasons. (*Id.* at 11–22.) Given the procedural posture on motions for summary judgment, Plaintiffs' "heightened pleading standard" argument is inapposite and does not establish a manifest error of law.

It was also not a manifest error of law for the Court to not cite *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Although the Court certainly could have cited *Monell*, it was under no requirement to do so. A manifest error is "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606 (quoting *Sedrak*, 987 F. Supp. at 1069). The Court correctly stated the requirements for a claim under § 1983: (1) plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) deprivation of this right was visited upon the plaintiff by a person or persons acting

7

under color of state law. (Order 9, ECF No. 81 (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).) *Monell* did not establish a different rule. It recognized that a municipality and local government officials may be treated as persons within the meaning of § 1983. *Monell*, 436 U.S. at 690–91. In this case, the Court's order never reached the issue of the City and officials as persons under § 1983 because Plaintiffs' § 1983 claims based on state and municipal law were not based on the deprivation of a right secured by the Constitution or federal law. *Martinez v. California*, 444 U.S. 277, 284 (1980) (recognizing that "'the first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws' of the United States" (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). Plaintiffs have provided no argument to the contrary on the determination the Court actually made. Since the determination on the first prong of the inquiry was dispositive, there was no reason to consider whether the City or any other defendant could be held liable.

**3. Equal Protection, Similarly Situated, and Inappropriate Animus**

Plaintiffs also find error in the Court's analysis of the equal protection claim. According to Plaintiffs, the Court erred when it failed to recognize "controlling law" from various Wisconsin state courts, overlooked evidence of Defendants' inappropriate motivation and animus, and again applied a "heightened pleading standard." (*Id.* at 7–11.) Their arguments are unavailing.

First, Plaintiffs point to several Wisconsin state court cases that they describe as "precedent" establishing that their property is "similarly situated" to other residences in the City of Weyauwega for purposes of an equal protection class-of-one claim. (Pl. Memo. in Supp. of Mot. for Recons. 8–10, ECF No. 86.) Even if Plaintiffs correctly interpret these state court cases and they support

8

the designation of Plaintiffs' property as a "homestead" or a "residence," it does not follow that Plaintiffs' property is similarly situated to other property in Weyauwega. Plaintiffs "must demonstrate that they were treated differently than someone who is *prima facie* identical in all relevant respects." *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002). A determination that Plaintiffs' property is a homestead or a residence under Wisconsin property law does not mean it is "identical in all relevant respects" to the other homestead or residential properties. Similarly, while Wisconsin state courts may draw a conclusion when a property is "unique" in cases concerning special assessments by municipalities, the state court analyses do not control the result or even provide significant persuasive force in this case about disparate treatment under the federal constitution. In this case about equal protection under the Fourteenth Amendment, it is not enough that Plaintiffs' property and other properties are "homesteads" or zoned "residential." As I explained in the summary judgment order, to overcome Defendants' motion, Plaintiffs needed to present evidence to create a material issue of fact that another individual "purchased (1) real property (2) in Weyauwega (3) after the adoption of the actual cost policy (4) without running water at the time of purchase, (5) without connection to the municipal water system at the time of purchase, and (6) without water laterals from the water main to the property line at the time of purchase." (Order 20, ECF No. 81.) Plaintiffs presented no evidence that any such individual or property existed.

Second, Plaintiffs argue that the Court erred when it determined that Plaintiffs presented no evidence of inappropriate motivation or animus. Plaintiffs, as the responding party, had the burden to "set out specific facts showing a genuine issue for trial" when the moving party shows there are no facts to support the non-moving parties claim. Fed. R. Civ. P. 56(e)(2). Plaintiffs point to two letters they submitted as exhibits in support of their first motion for partial summary judgment as

9

evidence of inappropriate animus. (Letter, Nov. 25, 2011, Ex. 26, ECF No. 33-13; Letter, Nov. 25, 2011, Ex. 27, ECF No. 33-22.) Even if the Court's discussion regarding animus was dispositive (which it was not), these letters are not evidence of inappropriate animus. Two letters drafted by Plaintiffs consisting various opinions, legal conclusions, and citation to case law are not evidence of inappropriate animus upon which a reasonable jury could rely. *Payne v. Pauley*, 337 F.3d 767, 772–73 (7th Cir. 2003) ("[T]he Federal Rules of Civil Procedure require the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.' Conclusory allegations, unsupported by specific facts, will not suffice." (quoting Fed. R. Civ. P. 56(e)). The letters document Plaintiffs' long-standing belief that animus existed but are not entitled to any weight as to whether the animus actually existed. Thus, summary judgment against Plaintiffs was appropriate.

Finally, Plaintiffs' "heightened pleading standard" argument is again unpersuasive for the reasons already discussed. If anything, it is even less applicable as to the inappropriate animus analysis in the Court's order that concluded that Plaintiffs had failed to present any evidence to create a material issue of fact. (Order 21–22, ECF No. 81 ("Here, Plaintiffs have offered no evidence of inappropriate motivation or animus, instead relying solely on their allegations and personal conclusions.").) Summary judgment is "the 'put up or shut up' moment in litigation," which requires the non-moving party to marshal and present the court with the evidence to prove the party's case. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The Court did not apply a heightened pleading standard to the equal protection claim; it applied the summary judgment standard and found that Plaintiffs' did meet their burden.

**4. Supplemental Jurisdiction on Remaining State Law Claims**

Plaintiffs next contend that the Court should reconsider its decision to decline to rule on Plaintiffs' state and municipal law claims and grant summary judgment in their favor on those

claims as there are no material issues of fact. (Pl. Memo. in Supp. of Mot. for Recons. 11–23, ECF No. 86.) Plaintiffs rehash their positions on the merits of their various claims under state and municipal law. (*Id.*) Plaintiffs' motion does not establish any basis for the Court to reconsider its "purely discretionary" decision to decline to exercise supplemental jurisdiction over the state law claims when all of the federal claims have dropped out. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") As a result, there is no reason to act contrary to the "sensible presumption" that a federal court should relinquish jurisdiction when all federal claims are gone. *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). These claims were properly dismissed without prejudice.

**5. Summary Judgment and Evidentiary Burdens**

Plaintiffs also briefly contend that the Court committed manifest error in granting summary judgment to Defendants because "Defendants did not meet their burden" and "Defendants did not move the Court for summary judgment on the merits of this case." (Pl. Memo. in Supp. of Mot. for Recons. 23, 26, ECF No. 86.) Plaintiffs' first contention rests on a misunderstanding of the summary judgment burden. Plaintiffs rely on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), to argue that Defendants failed to present evidence to meet their burden, but Defendants did not have any evidentiary burden. (*Id.* at 24–25.) When the "nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56). In this case, Plaintiffs (the nonmoving party) had the burden of proof on these claims at trial and were required to come forward with their evidence to

demonstrate a genuine issue of fact to avoid summary judgment for Defendants. It was enough for Defendants to point out that Plaintiffs could not carry their burden of proof.

Plaintiffs' second assertion that Defendants did not move for summary judgment on the merits is not supported. Defendants moved for summary judgment on all claims and dismissal of the lawsuit in its entirety. (Def. Memo. in Supp. of Def. Summ. J. 2, 8, 28, ECF No. 57.) While some of Defendants' memorandum is dedicated to opposing Plaintiffs' motion, Plaintiffs ignore Defendants' arguments that there was no deprivation of due process, no unconstitutional taking, no equal protection violation, and certain § 1983 claims were based only on state law. (*Id.* at 22–27.)

**6. Lack of Candor and Misleading Representations**

Finally, Plaintiffs renew their argument that Defendants' counsel has failed to exercise full candor with and provided intentionally misleading representations to this Court. Plaintiffs' vehement disagreement with opposing counsel's interpretation of the law in this case, particularly with respect to *Elliot v. Morgan*, 214 Wis. 2d 253, 571 N.W.2d 866 (Wis. Ct. App. 1997), does not establish a violation of the Rules of Professional Conduct. After examining the statements that Plaintiffs describe as misleading, the Court determines that they are not false statements of law or fact. In an adversarial judicial system, opposing counsel does not "intentionally mislead" the Court when he or she provides an alternative interpretation of the case law and its applications to the facts of this case. Plaintiffs' claim is baseless and summarily rejected.

For the reasons given above, the Plaintiffs' motion for reconsideration is DENIED.

**SO ORDERED** this    14th    day of January, 2014.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court

12

Case 1:12-cv-00857-WCG   Filed 01/15/14   Page 12 of 12   Document 97